UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J. CORNETT,
TERRY J. CORNETT and
ORIE CORNETT,

                Plaintiffs,

v.                                      Civil Action No._____

NCO FINANCIAL SYSTEMS, INC. and       **JURY TRIAL DEMANDED**
CAPITAL ONE BANK (USA), N.A.,

                Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Michael J. Cornett is a natural person residing in the County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Plaintiff Terry J. Cornett, mother of Plaintiff Michael J. Cornett, is a natural person residing in the County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

7. Plaintiff Orie Cornett, father of Plaintiff Michael J. Cornett and husband of Plaintiff Terry J. Cornett is a natural person residing in the County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

8. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant Capital One Bank (USA), N.A. (hereinafter "Capital One") is a nationally chartered banking institution with headquarters in the State of Virginia.

10. Upon information and belief, Capital One is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

11. That at all times relevant herein, each Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

12. That Defendant NCO, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

13. That at all times relevant herein, Defendant NCO has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

14. That Defendant NCO, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

15. That Defendant NCO, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

16. That Defendant NCO, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. That Defendant NCO, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

18. The acts of each of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

19. Defendant NCO regularly attempts to collect debts alleged to be due another.

20. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

2

21. That Plaintiff Michael J. Cornett incurred a credit card debt to Capital One. This debt will hereinafter be referred to as "the subject debt."

22. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

23. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

24. That Plaintiff Michael J. Cornett thereafter defaulted on the subject debt.

25. That Plaintiffs Terry J. Cornett and Orie Cornett do not have any legal obligation to repay the subject debt.

26. That upon information and belief, after Michael J. Cornett's default on the subject debt, Defendant NCO was thereafter employed by Capital One to attempt to collect the subject debt.

27. That in or about February of 2008, Defendant NCO called Plaintiff Michael J. Cornett on his cellular telephone. Said Plaintiff asked NCO not to call him on his cellular telephone. NCO responded by asking said Plaintiff about the subject debt. Michael J. Cornett explained that he intended to pay the subject debt however he was currently a student and could not make a payment at that time. NCO nastily replied that said Plaintiff was not going to pay the subject debt and said "you're like everyone else." Upon hearing this, Plaintiff Michael J. Cornett asked to speak with a manager. Said Plaintiff explained the previous conversation to the manager he was transferred to. However said manager he did not care what the prior agent had told him.

28. That during the months of February 2008 through April of 2008, NCO called Michael J. Cornett multiple times per day on multiple days per week  Approximately one-third of the calls were made to Michael J. Cornett's cellular telephone, and two-thirds were made to his two residential telephone lines. In of the aforementioned telephone calls, NCO either left an artificial and/or prerecorded voice message on Michael J. Cornett's residential telephone answering machine, or on his cellular telephone voice messaging service, or, if Michael J. Corbett answered the call, NCO would a voice recorded and/or artificial voice message with instructions.

29. That Plaintiff Michael J. Cornett repeatedly instructed NCO to refrain from calling his cellular telephone. Despite Plaintiff's requests, Defendant continued to deliberately call and send artificial and/or prerecorded voice messages to said Plaintiff's cellular telephone.

30. That between the months of February 2008 through April of 2008, Defendant called Plaintiffs Terry J. Cornett and Orie Cornett on their home telephone on multiple occasions. Multiple messages were left on Plaintiffs Terry J. Cornett and Orie Cornett's home telephone answering machine from Defendant NCO disclosing the subject debt. At least three of these messages were left by an artificial and/or prerecorded voice. On multiple occasions, Orie Cornett informed NCO that the number they were calling did not belong to Michal J. Cornett, and asked them to stop calling.

3

31. That prior to the aforementioned telephone calls and messages being made, Plaintiffs Terry J. Cornett and Orie Cornett were unaware of the existence of the subject debt.

32. That NCO left a telephone message disclosing the existence of the subject debt on Plaintiffs Terry J. Cornett and Orie Cornett's answering machine which was overheard by Plaintiff Michael J. Cornett's nephew, Justen M. T. Cornett.

33. That prior to hearing said telephone message, Justen M. T. Cornett was unaware of the subject debt.

34. That on or about February 19, 2008, Plaintiff Michael J. Cornett received a voicemail on his cellular telephone stating a that a "law firm" was calling and that they would "obtain a judgment against [said Plaintiff] in Niagara County."

35. That following the receipt of the aforementioned voicemail, Plaintiff Michael J. Cornet called the number stored in his cellular telephone and discovered it was Defendant NCO who had left the message.

36. That in all communications with Plaintiff, NCO used their name, and not the name of Capital One.

37. That neither Defendant had decided to sue Plaintiff Michael J. Cornett when the February 19, 2008 telephone message described above was left, nor had Capital One authorized the commencement of a lawsuit.

38. That as a result of the foregoing, Plaintiffs Michael J. Cornett, Terry J. Cornett and Orie Cornett became nervous, upset, and suffered from emotional distress.

## V. COUNT ONE AGAINST NCO
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

39. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1 through 38 above.

40. That Defendant NCO violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), and 15 U.S.C. §1692c(b) by failing to limit communication with Plaintiffs Terry J. Cornett and Orie Cornett to obtaining location information for Plaintiff Michael J. Cornett, by calling said Plaintiff's on more than one occasion, and by disclosing the existence of the subject debt to Terry J. Cornett, Orie Cornett, and Justen M.T. Cornett.

41. That Defendant NCO violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was the abuse the hearer by stating Plaintiff Michael J. Cornett did not intend to pay the debt and was like "everyone else",  and by leaving a message on Plaintiff Michael J. Cornett's cellular telephone stating Defendant was a "law firm" and would "obtain a judgment against [said Plaintiff] in Niagara County."

42. That Defendant NCO violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff Michael J. Cornett's cellular telephone and Plaintiffs Terry J. Cornett and Orie Cornett's home telephone to ring with the intent to annoy, abuse and harass.

43. That Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by leaving a message on Plaintiff Michael J. Cornett's cellular telephone stating Defendant was a "law firm" and would "obtain a judgment against [said Plaintiff] in Niagara County."

44. That as a result of the NCO's FDCPA violations as alleged herein, Plaintiffs, and each of them, became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO AGAINST NCO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

45. Plaintiffs repeats, re-alleges and incorporate by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

46. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

47. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed her peace and tranquility at home and elsewhere.

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

51. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

52. Plaintiff Michael J. Cornett received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice on his cellular telephone, entitling

5

said Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

53. Plaintiffs Terry J. Cornett and Orie Cornett received several telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice, entitling each Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

54. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

### VII. CAUSE OF ACTION AGAINST DEFENDANT CAPITAL ONE

55. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 54 above.

56. That in the alternative, if NCO or Capital One claim that the subject debt was never in default, then Capital One is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it used a name other than its' own in such a manner as would lead "the least sophisticated consumer", as that term is defined by law, to believe that a third person was collecting, or was attempting to collect the subject debt.

57. That by reason of the foregoing, Capital One is vicariously and is otherwise liable for the FDCPA violations of NCO described in this complaint.

58. That as a result of the Capital One's FDCPA violations as alleged herein, Plaintiffs, and each of them, became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, each Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

    (c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

    (d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: January 26, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
 ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS**

Plaintiffs Michael J. Cornett, Terry J. Cornett and Orie Cornett affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 26, 2009         /s/Michael J. Cornett__
                                Michael J. Cornett,


                                /s/Terry J. Cornett_
                                Terry J. Cornett


                                /s/Orie Cornett_
                                Orie Cornett